IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WALLACE WESLEY BROWN | : | |
| | : | |
| v. | : | CIVIL NO. CCB-11-1135 (CCB-10-926) |
| | : | Criminal No. CCB-07-0437 |
| UNITED STATES OF AMERICA | : | |

...o0o...

# **MEMORANDUM**

Federal prison inmate Wallace Brown was convicted by a jury on two counts of possession with intent to distribute narcotics, and on October 7, 2008 he was sentenced to concurrent 200-month terms of incarceration. On appeal, these convictions were affirmed by the Fourth Circuit. 359 Fed. App'x 419, 2010 WL 23074. Brown, representing himself, filed a timely motion to vacate under 28 U.S.C. § 2255 which has now been fully briefed and reviewed. It will be denied for reasons that follow.[1]

First, Brown alleges that trial/appellate counsel provided ineffective assistance, but he has failed to show either deficient performance or prejudice; both are required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Regarding additional witnesses (from none of whom are affidavits provided) they would at best, if believed, possibly bear on credibility, but there is no indication that their testimony would have been sufficient to overcome that of the officers as to the events in question. The officers' testimony was corroborated by the finding of narcotics and substantial currency in Brown's apartment and car, as well as narcotics in possession of the person with whom Brown engaged in what the officers believed to be a drug sale immediately prior to Brown's arrest and the search. Counsel did in any event call one of the named witnesses at trial; her testimony did not persuade the jury to reject the government's overwhelming

---

[1] A second civil number has been assigned to this case because, through inadvertent clerical error, no case was opened on the docket under the number originally assigned.

1

evidence.[2] There is no reason to believe counsel's alleged failure to call the other witnesses described by Brown fell below the "wide range of professionally competent performance," *U.S. v. Terry*, 366 F.3d 312, 316-18 (4th Cir. 2004).

Regarding counsel's apparent confusion at sentencing about the applicability of a 20-year mandatory minimum, there was no prejudice, as the government promptly corrected counsel on that point and the court was well aware of its sentencing discretion, imposing a variance sentence that benefited Brown. (Tr. 9/26/08 at 10-11, 18-21). Nor has any basis been shown for the defendant to have challenged the reasonableness of the sentence on appeal. Regarding counsel's alleged failure to argue evidentiary objections on appeal, Brown has shown no evidentiary error of constitutional magnitude nor any error that would likely have affected the outcome of the appeal.

Brown's other grounds for relief state nonconstitutional arguments that could have been raised on direct appeal and were not. Therefore, they are waived. *Stone v. Powell*, 478 U.S. 465, 497 n.10 (1976). In any event, there was no error in not telling the jury why surveillance had been established at Brown's address, as it would have disclosed unfairly prejudicial and inadmissible hearsay information from a confidential informant. Further, that individual provided only information used in connection with a search warrant, and accordingly there was no basis to disclose his identity to the defense. *United States v. Gray*, 47 F.3d 1359, 1365 (4th Cir. 1995).

A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §

---

[2] Nor did the jury apparently credit Brown's own trial testimony that the $4,595 cash in his car was to pay bills and that someone else must have planted the drugs in his apartment.

2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) quoting *Slack*, 529 U.S. at 484.

Petitioner has not made the requisite showing. There is no basis to grant a certificate of appealability.[3]

Date: May 2, 2011
　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] Denial of a certificate of appealability does not prevent petitioner from filing a notice of appeal and seeking a certificate from the Fourth Circuit.