**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

WALLACE BROWN, # 43329-037    :

   Petitioner       :

   v.           :

UNITED STATES OF AMERICA   :

   Respondent      :

Civil Action No. CCB-12-2180
Criminal Action No. CCB-07-437

. . . . . . . . . . . .oOo. . . . . . . . . . .

**MEMORANDUM**

Pending is Wallace Brown's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  ECF No. 96.  For the following reasons, the petition will be dismissed without prejudice for lack of jurisdiction and a certificate of appealability will be denied.[1]

**I.  Background**

Brown was convicted by a jury on two counts of possession with intent to distribute narcotics, and on October 7, 2008, he was sentenced to concurrent 200-month terms of incarceration.  The convictions were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit.  359 F. App'x 419 (4th Cir. 2010).

Brown's first Motion to Vacate, Set Aside or Correct Sentence was denied on May 2, 2011, s*ee Brown v. United States,* Civ. Nos. CCB-11-1135 and CCB-10-926,[2] thus making the instant § 2255 motion successive.  Brown's appeal of the order denying relief on his first § 2255 motion was dismissed and a certificate of appealability was subsequently denied by the United

---

[1] Brown's motion to proceed in forma pauperis (ECF No. 97) will be dismissed as moot.  There is no filing fee for § 2255 motions.  *See* "Rules for Governing Section 2255 Proceedings for the United States District Courts," Rule 3, notes.

[2] A second civil number was assigned to this case because, through inadvertent clerical error, no case was opened on the docket under the number originally assigned.

States Court of Appeals for the Fourth Circuit.  CA4 No. 11-6989.

Petitioner styles the instant motion, submitted on a pre-printed § 2255 form motion as an "Actual Innocence Claim under 28 U.S.C. § 2255" and instructs "DO NOT CONSTRUE AS A SECOND OR SUCCESSIVE § 2255 PLEADING THAT REQUIRES A CERTIFICATE OF APPEALABILITY TO PROCEED." ECF No. 96, Cover Sheet.


## II.        Discussion

A self-represented litigant may not evade the procedural requirements for successive § 2255 motions by attaching other titles to a motion. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Calderon v. Thompson,* 523 U.S. 538, 553 (1998)).  In this motion, Brown is challenging whether a predicate offense was properly used to enhance his sentence and also blaming his attorney for ineffective representation by failing to conduct an adequate investigation.  ECF No. 96, Ex. 1; *Id.*, Ex. 2, at 2.  Under these circumstances, Brown is clearly attempting to challenge his sentence and raise a claim of ineffective assistance of counsel. As such, his claims are properly considered by way of a second or successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."); *see also Castro v. United States,* 540 U.S. 375, 381–82 (2003) (citations omitted) (stating that a court may recharacterize a motion filed by a self-represented litigant "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").  Petitioner provides no factual or legal basis to review the

motion under any other grounds.

Successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255; *Burton v. Stewart,* 549 U.S. 147, 152 (2007). Since Brown does not indicate whether he has complied with the procedural requirements for a successive petition, the instant motion will be dismissed without prejudice for lack of jurisdiction.[3]


### III.   Certificate of Appealability

This motion provides no grounds for issuance of a certificate of appealability ("COA"). A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion.  *See* 28 U.S.C. § 2253(c)(1).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484).

Where, as here, a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district

---

[3] An information packet for requesting pre-filing authorization will be sent to petitioner.

court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684–85 (4th Cir. 2001)

(quoting *Slack*, 529 U.S. at 484).   Denial of a certificate of appealability does not prevent

petitioner from seeking permission to file a successive petition or pursuing his claims after

obtaining such permission.   Brown may seek redress by filing a Motion to Vacate, Set Aside or

Correct Sentence after obtaining the requisite pre-authorization from the United States Court of

Appeals for the Fourth Circuit.   An order consistent with this memorandum follows.


<u>August 14, 2012</u>                                  _____/s/_____
  Date                                                          Catherine C. Blake
                                                                United States District Judge

4